IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD KEYS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BUDGETEXT CORP.,<br><br>　　　　　Defendant.　　　　　　　　　／ | No. C 11-06384 CRB<br><br>**ORDER TRANSFERRING CASE** |

Plaintiff Donald Keys ("Plaintiff") brings this class action alleging violations of the federal Workers Adjustment and Retraining Notification ("WARN") Act. Compl. (dkt. 1) ¶ 1. Budgetext Corporation ("Defendant") moves this Court to transfer the case to the Western District of Arkansas. Mot. (dkt. 12) at 1.

**I.　BACKGROUND**

Defendant, a corporation formerly in the business of buying and selling used textbooks, verbally notified all of its employees on October 24, 2011, that it was closing its plant in Fayetteville, Arkansas on December 23, 2011. Compl. ¶ 1. Defendant's business consisted of a single plant in Arkansas and numerous offsite representatives located in approximately 22 states, including California. Mot. (dkt. 12) at 3. As part of its October 24, 2011, notification, Defendant fired offsite employees immediately, including Plaintiff. Compl. ¶ 1. Plaintiff is representing a putative class of approximately forty such offsite employees. Compl. ¶¶ 17-18.

Plaintiff alleges, on behalf of a putative class, that Defendant violated the federal WARN Act by firing employees in connection with a plant closing without giving the required 60 days notice. Compl. ¶¶ 23-28; 29 U.S.C. § 2102. The WARN Act requires employers with more than 100 full-time employees to provide 60 days advance notice before any mass-layoffs or plant closings. 29 U.S.C. § 2102.

## II. LEGAL STANDARD

District courts have discretion to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (internal quotations and citations omitted). A motion to transfer should not merely shift the inconvenience from the moving party to the opposing party. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). To prevail on a motion to transfer, a moving party must establish (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F. Supp. 503, 506 (C.D. Cal. 1992).

When considering a motion to transfer venue, the factors a court may consider include (1) the plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. See Vu v. Ortho-McNeil Pham., Inc., 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009) (citing Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001)).

## III. DISCUSSION

All factors favor transfer or are neutral, except plaintiff's choice of forum.

**1. Plaintiff's Choice of Forum**

Though a plaintiff's choice of forum is usually entitled to deference, Decker Coal, 805 F.2d at 843, this principle does not hold nearly as strongly when the plaintiff seeks to

1 represent a class. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). It is also entitled to
2 less deference when the plaintiff chooses to litigate away from his own home. Williams, 157
3 F. Supp. 2d at 1106; Tessenderlo Kerley, Inc. v. D & M Chem, Inc., No. 11-3955, 2011 WL
4 5362080, at *2 (N.D. Cal. Nov. 7, 2011). Here, Plaintiff seeks to represent a class of at least
5 32 individuals, and only one of these individuals resides in this district. Mot. at 8. Further,
6 Plaintiff does not reside in this district. Compl. ¶ 5. Accordingly, Plaintiff's choice of forum
7 is entitled to little consideration, and this factor weighs only slightly against transfer.

### 2. Convenience of the Parties and Witnesses

The most significant factors here are the convenience of the parties and witnesses. While Plaintiff is located in Southern California, Defendant is located in Fayetteville, Arkansas. Mot. at 7. Plaintiff argues that it would be easier for him to drive the 800-mile round trip to San Francisco than to fly to Fayetteville, Arkansas. Keys Decl. (dkt. 16, attachment 2) at 3. A plane ticket to Arkansas is likely more expensive than the drive from Plaintiff's home outside L.A., but the time required is probably equivalent. Further, Defendant alleges that all of the witnesses, and the Defendant, are in Arkansas. Reply (dkt. 17) at 5. Plaintiff argues that this factor does not matter because he contends that there will, in effect, be no witnesses. Opp'n (dkt. 16) at 6-8. Plaintiff cites no law to support this argument. Id. Defendant argues that witnesses will be necessary for, among other purposes, defining the proper scope of the purported class. Reply at 7.[1] Therefore, one of the two parties and all foreseeable witnesses are located in the Western District of Arkansas. In contrast, neither party and only one class member resides in this district. These factors favor transfer.

### 3. Ease of Access to Evidence

As for ease of access to evidence, all of the evidence is in Arkansas. Plaintiff argues that this factor is neutral because documents can be emailed to him. Opp'n at 8. It is

---

[1] Defendant also argues that the testimony of its former management will be necessary because their actions and state of mind are relevant to exceptions under the statute. Reply at 4. Defendant is correct. The WARN Act has numerous exceptions that depend on the actions taken by management. See, e.g., 29 U.S.C. § 2102(b)(1) (providing an exception for employers actively seeking capital to prevent bankruptcy).

3

possible that Defendant's documents are electronic, easily searched, and easily transported, but there is no evidence of this. Indeed, "[g]iven technological advances in document storage and retrieval, transporting documents between districts does not generally create a burden." Brackett v. Hilton Hotels Corp., 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008) (internal citation omitted). Nonetheless, physical access to the evidence would give the parties more options in terms of discovery. See, e.g., Fed. R. Civ. P. 26(f) advisory committee's note (discussing litigants' options during initial discovery regarding efficiency and privilege protection). All of the physical evidence is in Arkansas, and "[l]itigation should proceed where the case finds its center of gravity." See Hoefer v. U.S. Dep't of Commerce, No. 00-0918, 2000 WL 890862, at *3 (N.D. Cal. June 28, 2000). The center of gravity of the case is Arkansas. Accordingly this factor is either neutral or slightly favors transfer.

### 4. Familiarity With the Applicable Law

The parties agree that this district and the Western District of Arkansas are equally familiar with the applicable law. Opp'n at 8; Reply at 3. This factor is therefore neutral.

### 5. Feasibility of Consolidation with Other Suits

Plaintiff argues that the feasibility of consolidation factor should weigh against transfer because the suit has a relatively low total value. Opp'n at 9. This is actually a misplaced convenience argument. The parties agree that there are no other actions against Defendant based on its failure to provide WARN Act notice. Opp'n at 9; Reply at 8. Accordingly, this factor simply does not apply.

### 6. Local Interest in the Controversy

Plaintiff argues that California's interest in protecting its citizens is equivalent to Arkansas' interest in regulating its businesses. Opp'n at 10. While it is true that California has such an interest, Defendant is correct when it argues that this interest is small when only one member of the proposed class resides in this district. Reply at 8. According to Defendant's Motion, it employed field representatives in 21 states other than California. Mot at 3. This district is therefore no more interested in protecting its citizens than any other in

4

which Defendant employed a field representative. When balanced against Arkansas' interest, this factor is therefore at least neutral or slightly favors transfer.

### 7. Relative Congestion of the Courts

Finally, the parties agree that the Western District of Arkansas is less congested than this district. Opp'n at 10. This factor is therefore in favor of transfer.

## IV. CONCLUSION

A strong majority of factors favor a transfer to Arkansas. The Court therefore GRANTS the Motion to Transfer. Pursuant to 28 U.S.C. § 1404(a), this action is hereby transferred to the Western District of Arkansas.

**IT IS SO ORDERED.**

Dated: March 23, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE